IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

CIVIL ACTION NO. 4:09 CV 166

| | | |
|---|---|---|
| JEROME JOYNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ECKERD FAMILLY YOUTH | ) | |
| ALTERNATIVES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion to compel filed by Defendant Eckerd Family Youth Alternatives, Inc. [DE-20]. Plaintiff has responded [DE-21], and this matter is ripe for decision.

## STATEMENT OF THE FACTS

The Plaintiff's complaint in this action centers on allegations of medical malpractice. The Plaintiff was attending a camp run by the Defendants called Camp E-Ten-Etu during the fall of 2003 when the Plaintiff incurred an injury while playing a sport at the camp. Complaint, ¶ 11. The Plaintiff alleges that while attending the camp he developed pain and discomfort in his hip, which he reported to camp counselors. Complaint, ¶ 6-7. Ultimately, Plaintiff suffered a slipped femoral captial epiphysis while playing on December 5, 2003 and was transported in the backseat of a pickup truck owned by the Defendant. The Plaintiff in his complaint, alleges a breach of duty by the Defendant for a) failing to educate and inform camp counselors as to proper procedures for addressing medical complaints; b) failing to refer the Plaintiff to a medical

1

doctor; c) failing to excuse the Plaintiff from physical activities despite complaints of pain and a limp; d) failing to have a medical doctor on call; e) failing to provide camp counselors emergency procedures and guidelines as to transportation of injured camp attendees; f) failing to safely transport the Plaintiff to the emergency room; and g) other breaches to be shown at trial. Complaint, ¶ 18.

## DISCUSSION

The following discovery requests are in dispute:

(1) Interrogatory No. 11 seeks "an account, itemized as fully and carefully as you can, of all losses and expenses which Plaintiff claims to have incurred as a result of the alleged negligence or wrongful conducts of the Defendant herein." Plaintiff responded they are continuing to gather information and will supplement their interrogatory as soon as practical. Def.'s Mot. Ex. 3 at 8. Defendant contends that, to date, Plaintiff has not supplemented his response.

(2) Interrogatory No. 12 seeks information on how the Plaintiff's loss of wages was computed, and to identify the amount of the loss by employer or source of income or rate of pay. Plaintiff responded that he cannot enlist active duty in the US Army where he would have been eligible for a $20,000 signing bonus and would have started at $24,000 plus benefits. Id. at 9. Defendant contends that the answer is incomplete because it does not state the total amount of loss claimed.

(3) Interrogatory No. 13 seeks any evidence in support of the allegation that the Plaintiff has a permanent disability which prevents him from employment opportunities and enjoyment of life. Plaintiff's response was to "see attached medical records." Id. Defendant contends that the attached medical records do not indicate any disability and asks that Plaintiff demonstrate what

2

specific medical records are being offered as support for Plaintiff's claim that he is permanently disabled.

(4) Interrogatory No. 17 seeks any evidence in support of the allegation that the counselors at Camp E-Ten-Etu "knew or should have known" that physical activity would aggravate the plaintiffs worsening hip condition. Plaintiff's response was to "see attached medical records." Id. at 11. Defendant contends that the answer is vague and does not specifically answer the question.

(5) Interrogatory No. 18 seeks any evidence regarding the allegations contained in the Complaint that the defendant "failed to educate and inform camp counselors as to proper procedures for addressing medical complaints of camp attendees. Plaintiff's response was to "see medical records and attached documents." Id. Defendant contends that the answer is vague and does not specifically answer the question.

(6) Request for the Production of Documents No. 1 seeks "any and all medical records reflecting the medical care and treatment received by Jerome Joyner, Jr. for the time period from December 5, 1996 to the present." Plaintiff responded by producing medical records from October 14, 2005 to the present. Id. at 15. Defendant contends the production to date is incomplete in that it fails to include follow-up visit records, physical therapy records, and pre-accident medical records.

(7) Request for the Production of Documents No. 7 seeks "a copy of the Plaintiff's Military record including any personal files or materials from the Plaintiff's time in the United States military." Plaintiff responded they are in the process of obtaining these documents and will supplement this response as soon as possible. Id. at 16. Defendant contends that Plaintiff, to date, has failed to supplement this response.

The Plaintiff, in his response to Defendant's motion to compel, does not dispute Defendant's contentions that Plaintiff's responses are inadequate, and Plaintiff has agreed to supplement his responses to interrogatories 11, 12, 13, 17, and 18 and request for production 1 and 7. Having reviewed the discovery requests at issue, the Court finds them to be within the scope of discovery, pursuant to Rule 26(b)(1) and Rule 33(a)(2) of the Federal Rules of Civil Procedure. The court further agrees with Defendant that Plaintiff's answers are deficient for the reasons set forth by Defendant in its motion. Accordingly, Plaintiff shall supplement his responses by providing complete answers to interrogatories 11, 12, 13, 17, and 18, and by producing all relevant documents not previously produced in response to request for production 1 and 7 within **14 days** of the date this order is filed. Failure to fully, completely, and timely respond to Defendant's discovery requests may result in the award of sanctions to the Defendant.

## CONCLUSION

The Eckerd Family Youth Alternatives, Inc. motion to compel is **GRANTED.** Plaintiffs are **ORDERED** to fully respond to Interrogatory Nos. 11, 12, 13, 17, and 18 and Request for Production Nos. 1 & 7, to the extent such information has not already been provided, within **14 days** of the date of this order.

This the 22nd day of June, 2010

David W. Daniel
United States Magistrate Judge