UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:09-CV-166-F

JEROME JOYNER,                    )
                Plaintiff,        )
                                  )
        v.                        )        O R D E R
                                  )
ECKERD FAMILY YOUTH               )
ALTERNATIVES, INC.,               )
                Defendant,        )

This matter is before the court on the Motion for Summary Judgment [DE-18] and

Motion for Sanctions [DE-25] filed by Defendant Eckerd Family Youth Alternatives, Inc.

("Eckerd"). Both motions are ripe for ruling.

## I. RELEVANT PROCEDURAL HISTORY

Plaintiff Jerome Joyner initiated this action by filing a Complaint in Edgecombe County

Superior Court on August 7, 2009. Eckerd removed the action to this court on September 25,

2009.

According to Plaintiff's Complaint, he was attending a camp run by Eckerd called Camp

E-Ten-Etu during the fall of 2003 when he developed pain and discomfort in his hip and reported

the same to camp counselors. He alleges he ultimately suffered a slipped femoral captial

epiphysis while playing a game on December 5, 2003, and continued to suffer injuries when he

was transported to a local hospital in the back of a pick-up truck. Plaintiff alleges Eckerd

breached its duty of reasonable care to him by (a) failing to educate and inform camp counselors

as to proper procedures for addressing medical complaints of camp attendees; (b) failing to allow

Plaintiff to be excused from rigorous physical activities when he had a noticeable limp and had complained repeatedly of hip pain; (c) failing to refer Plaintiff to a medical doctor; (d) failing to have a medical doctor on call for injuries occurring to camp attendees; (e) failing to provide camp counselors emergency procedures or guidelines as to transportation of injured camp attendees; (f) failing to safely transport Plaintiff to the emergency room, and (f) other breaches of care to be shown at trial.

On December 2, 2009, Eckerd served its first set of written discovery requests to Plaintiff, which included a Request for Interrogatories and Production of Documents. The record reflects that Plaintiff moved for, and was granted, an extension of time until February 1, 2010, to serve his discovery responses. Eckerd represents it received the discovery responses on February 16, 2010.

On May 18, 2010, Eckerd filed a Motion to Compel Discovery, arguing that Plaintiff had failed to completely respond and/or supplement his response to the following discovery requests: Interrogatories 11, 12, 13, 17 and 18 and Request for Production of Documents Nos. 1 and 7. Plaintiff, in his response to the Motion to Compel Discovery, did not dispute Eckerd's contentions that his responses to the discovery requests were inadequate. Plaintiff agreed to supplement his responses.

In an order filed on June 22, 2010, United States Magistrate Judge David W. Daniel found Eckerd's discovery requests to be within the scope of discovery and also found that Plaintiff's responses to the discovery requests were deficient. Accordingly, Judge Daniel granted the Motion to Compel Discovery, and ordered Plaintiff "to fully respond to Interrogatory Nos. 11, 12, 13, 17, and 18 and Request for Production Nos. 1 & 7, to the extent such information has

2

not already been provided, within **14 days** of the date of this order." June 22, 2010 Order p.4 [DE-24](emphasis in original). Judge Daniel also explicitly warned that the "[f]ailure to fully, completely, and timely respond to Defendant's discovery requests may result in the award of sanctions to the Defendant." *Id.* By virtue of Judge Daniel's order, Plaintiff's supplemental discovery responses were due on July 5, 2010.

On July 7, 2010, Eckerd filed its Motion for Sanctions and Other Appropriate Relief, indicating that Plaintiff had failed to comply with any aspect of the June 22, 1010, Order and requesting that the action be dismissed. Plaintiff never filed a response to the Motion for Sanctions.

Meanwhile, Eckerd also moved for summary judgment on Plaintiff's claims. That motion has been fully briefed by both parties.

## II. MOTION FOR SANCTIONS

A court has discretion to impose sanctions, up to and including dismissal, when a party fails to comply with discovery orders. *See* FED. R. CIV. P. 37(b); *Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989). When determining whether to impose the sanction of default or dismissal, a district court should consider the following four factors:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mutual Federal*, 872 F. 2d at 92 (citing *Wilson v. Volkswagen of America, Inc.*, 651 F.2d 494, 503-04 (4th Cir. 1977)).

3

In this case, dismissal is an appropriate sanction. Plaintiff's failure to comply with the court's June 22, 2010, Order and the circumstances of the case satisfy each of the *Mutual Federal* factors. The court finds the first factor of the *Mutual Federal* test satisfied here. Three months have passed since the deadline for Plaintiff to comply with the June 22, 2010, Order, and there is no indication that Plaintiff has made *any* effort to comply, nor has he made any effort to explain to opposing counsel or this court the reason for his non-compliance. The court therefore finds that Plaintiff's bad faith is evident both in his long-standing failure to comply with the court's order, and in his accompanying failure to offer any explanation for this refusal to comply by not responding to the motion for sanctions. *See Green v. John Chatillon & Sons*, 188 F.R.D. 422, 424 (M.D.N.C. 1998)(finding plaintiff's failure to offer an explanation of noncompliance as evidence of bad faith). Plaintiff's bad faith is highlighted by the fact that he failed to comply with this court's order after being explicitly warned that the failure to comply could result in the imposition of sanctions.

Second, the court finds that Eckerd has been prejudiced by Plaintiff's refusal to supplement his responses to the discovery requests. *See Mutual Federal*, 872 F. 2d at 92 (stating that courts should consider "the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce"). It is undisputed that over three months have passed since Plaintiff was to have supplemented his responses, and Eckerd still does not have complete information and documents relating to Plaintiff's medical history, the nature and amount of damages Plaintiff is claiming, or evidence supporting Plaintiff's allegation that he is permanently disabled the amount of damages he is claiming. *See* June 22, 2010, Order pp. 2-3 [DE-24(detailing the discovery requests which were

4

in dispute). It is obvious this prejudices Eckerd's ability to defend against Plaintiff's claims.

Third, the court believes that noncompliance with the court's orders must be deterred. *See Mutual Federal*, 872 F.2d at 92 (directing courts to consider "the need for deterrence of the particular sort of noncompliance"). Plaintiff has not demonstrated any attempt to comply with any aspect of the court's July 22, 2010, Order, nor has he proffered any reasonable explanation for his non-compliance. The court is loathe to encourage other litigants to completely ignore orders from this court. Finally, in light of the Plaintiff's complete failure to respond to the motion for sanctions, wherein Eckerd explicitly requests the dismissal of the action, the court concludes that any lesser sanction would be futile or ineffective.

The court also observes that Judge Daniel specifically warned Plaintiff in the June 22, 2010, Order that the failure to comply with his directives could result in the imposition of sanctions. Rule 37(b)(2) of the Federal Rules of Civil Procedure specifically lists "dismissing the action or proceeding in whole or in part" as one of the possible sanctions a court, in its discretion, may impose for failure to obey an order to provide discovery. Consequently, counsel for Plaintiff, who is presumably familiar with the Federal Rules of Civil Procedure, was aware that dismissal could result from his and Plaintiff's failure to obey the June 22, 2010, Order. Accordingly, the court finds that Judge Daniel's warning was adequate notice of the possible consequences for failure to comply with the order. *See Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995)(explaining that ordinarily a court should warn a party about the possibility of a default or dismissal before imposing such a sanction, and observing that the lack of advance notice was especially problematic where the court imposed the sanction of default with no absolutely no warning).

5

Accordingly, after considering the factors set forth in *Mutual Federal* and the warning issued to Plaintiff by Judge Daniel, the court ALLOWS Eckerd's Motion for Sanctions and Other Appropriate Relief [DE-25]. Eckerd's Motion for Summary Judgment [DE-18] is therefore DENIED as MOOT.

## III. CONCLUSION

For the foregoing reasons, Eckerd's Motion for Sanctions [DE-25] is ALLOWED, and this action is DISMISSED. Eckerd's Motion for Summary Judgment [DE-18] is DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 23d day of September, 2010.

JAMES C. FOX
Senior United States District Judge

6